## CONSTRUCTION OF THE STATUTORY DISQUALIFICATION OF NOTARIES.

Circuit Court of Cuyahoga County.

RHINELANDER PAPER COMPANY v. THE PITTSBURGH MINING COMPANY.

Decided, December 2, 1912.

*Attachment—Validity of Affidavit—Qualification of Notarial Officer— Sections 11524 and 11532.*

An affidavit in attachment is not rendered invalid by reason of the fact that it was sworn to before a notary who was employed as a clerk in the office of the attorneys for the attaching creditor.

*Stearns, Chamberlain & Royon,* for plaintiff in error.
*M. B. & H. H. Johnson,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

Error to the Court of Common Pleas.

The sole question for review in this case is the sufficiency of an affidavit in attachment which was sworn to before a clerk or employe in the office of the attorneys for the attaching creditor.

General Code, Section 11524, says that an affidavit may be made before any person authorized to take depositions, and General Code, 11532, provides:

"The officer before whom depositions are taken must not be a relative or attorney of either party or otherwise interested in the event of the action or proceeding."

The notarial officer before whom this affidavit was sworn to was not a relative or attorney of either party, nor does the record show that he was "otherwise interested in the event of the action or proceeding." He was a young man working on a salary for a firm of attorneys in the case. He had no connection with the case beyond taking the affidavit. The interest in the event of the action or proceeding which disqualifies a notary public from acting in the taking of affidavits, we hold to be some legal, certain and immediate interest such as formerly disqualified a witnesses from testifying. See *Smith* v. *The State,* 18 Ohio, 89.

No such interest appears here, and we find no occasion for extending the limitations of the statute beyond its words; while the attorney of a party may not act in taking a deposition or affidavit, the prohibition is not extended to the clerk of such attorney.

The trial court having come to the same conclusion, its judgment is affirmed.